FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 29 2019

MITCHELL R. ELFERS
CLERK

UNITED STATES DISTRICT COURT

_Central_ DISTRICT OF _New Mexico_

UNITED STATES OF AMERICA,

    Plaintiff,

vs

_Michael G Smith_,

    Defendant.

_____/

CASE NO.: _1:17 CR 00575-001 MV_

MOTION FOR SENTENCE REDUCTION

PURSUANT TO 18 U.S.C. §3582(c)(2)

and U.S.S.G. §1B1.10

    COMES NOW, _Michael G Smith_, Defendant, by and through pro se, hereby submits the instant Motion for Sentence Reduction Pursuant to 18 U.S.C. §3582(c)(2), and U.S.S.G. §1B1.10, and after considering the factors set forth in §3553(a). In opposition thereof, the defendant states as follows:

    1. Courts have the discretion to grant downward departures based on post-conviction, post-sentencing rehabilitation efforts. UNITED STATES V. GREEN, 152 F3d 1202 (9th Cir. 1995)(per curiam); UNITED STATES V RHODES, 145 F3d 1375 (D.C. Cir. 1998); UNITED STATES V. CORE, 125 F3d 74 (2nd Cir. 1997); UNITED STATES V. BROCK, 108 F3d 31 (4th Cir. (1997); Pepper v. United States, 131 S. Ct. 1229; 179 L.Ed. 2d 179 (3/2/2011). The plain language of §3661 makes clear that there is [n]o limitation....on.... background, character, and conduct information, and it makes

-1-

no distinction between an initial sentencing and subsequent resentencing. In addition, postsentencing rehabiltation evidence may be highly relevant to several §3553(a) factors that district courts are required to consider at sentencing. Most fundamentally, that evidence provides the most up-to-date picture of his "history and characteristics," § 3553 (a)(1).

Under U.S.S.G. § 1B1.10 .... in terms of post-sentencing conduct ... the court may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining; (1) whether a reduction in the defendant's term of imprisonment is warranted; and (2) the extent of such reduction, but only within the limits described in subsection (b). The court shall consider the factors set in 18 U.S.C. § 3553(a), (see Dillon v. United States, 130 S.Ct 2683, 2690 (2010)     DISCUSSION

A. Factors Set Forth In 18 U.S.C. § 3553 (a)

In, Pepper v. United States, 562 U.S. ___, [88 CrL 681] (2011), the District Court may consider evidence of defendant's post-sentencing rehablitation, and such evidence may, in appropriate cases, support downward variance from the new-advisory guideline's range.

Post-sentencing rehabilitation evidence may support from the advisory guideline range. Here, the district court can properly consider the § 3553 (a) sentencing factors, and consider the relevant sentencing factors in 18 U.S.C. §3553 (a) sentencing factors, and the policy statements in U.S.S.G. §1B1.10, specifically, the amended guideline range or (new rule Law),

that would have been applicable to the defendant." The district is statutorily mandated to consider those factors in fashioning a sentence that accounts for unique facts presented in _____ Michael G Smith defendant's case.

Consistent with the principle that "the punishment should fit the offender and not merely the crime, "Williams v. New York, 337 U.S. 241, 247, this court has observed a consistent and uniform policy" under which a sentencing judge could execrise a wide discretion in the source and types of evidence used to assist him in determining the kind and extent of punishment to be imposed within limits fixed by law, "id. at 246, particulary" the fullest information possible concerning the defendant's life and characterist," id.at 267. The principle is codified at 18 U.S.C. § 3661, which provides that "[n]o limitation shall be placed on the information" a sentencing court may consider "concerning the (defendant's) background, character, and conduct," and at § 3553 (a), which specifi es that sentencing court must consider, among other things, a defendant's "history and characterists", § 3553 (a)(1). The guidelines, which Booker made "effectively advisory," 543 U.S. at 245, "should be the starting point and the initial benchmark", but district courts may impose sentences within statutory limits based on appropriate consideration of all of the §3553 (a) factors, subject to appellate review for "reasonableness", Gall v. United States, 552 U.S. 38, 49-51. This sentencing framework applies both at initial sentencing, and at any subsequent resentencing.

It has been uniform and consistant in the Federal Judicial

-3-

tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensure." Koon v United States, 518 U.S. 81, 113 (1996). Underlying this tradition is the principle that "the punishment should fit the offender and not merely the crime." Williams, 337 U.S. at 247; see also, Pennsylvania ex rel. Sullivan v Ashe, 302 U.S. 51,55 (1937).

In the Sentencing Reform Act of 1984 (SRN, 18 U.S.C. §3551 et.seq., Congress effected fundmental changes to the Federal Sentencing creating the Federal Sentencing Commission and introducing the Guideline Scheme. In determing the sentence to impose within the guideline range, the Court consider without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law. See, Pepper v. United States, 562 U.S. ____, 131 S.Ct. 1229, 179 LEd2d 196.

Both Congress and Sentencing Commission thus expressly preserved the traditional discretion of sentencing courts to "conduct an inquiry broad in scope, largely unlimited either as to the kind of information [they] may consider, or the source from which it may come. See "United States v Tucker, 404 U.S. 443, 446 (1972)." Post-Booker opinions make clear that, although a court must give respectfully the consideration to the Guidelines, Booker permits the Court to tailor the sentence in light of the other statutory concerns as well. " Kimbrough v. United States, 552 U.S. 85, 101 (2007) (internal quotation marks and citation omitted).

This sentencing framework applies both at a defendant's initial sentencing, and at any subsequent sentence after a sentence . In addition, evidence of post-sentencing rehabiltation programing may be highly relevant to several of § 3553 (a) factors that Congress has expressly instructed district courts to consider at sentencing.

For example, evidence of post-sentencing rehabilitation programing may plainly be relevant to the "history and characterists of defendant," § 3553(a)(1), (RADP especially). Such evidence may also be pertinent to "the need for sentence imposed" to serve the general purpose of sentencing set forth in § 3553(a)(2)(B-D); See McMannus, 496 F.3d at 853 (Melloy, J. concurring) ("In assessing... deterence protection of the public, and rehabiltation 18 U.S.C. § 3553 (a)(2)(B)(C)(D), recommendation by Court, see (DE ____).

Post-sentencing rehabilitation programing may also critically inform a sentencing judge's "overarching" duty under § 3553(a) to "impose a sentence sufficient, but not greater than necessary" to comply with the sentencing purpose set forth in § 3553(a)(2), and does not restrict a district court at all, much less respect to consider post-sentencing rehabilitation programing. A similar provision instructs the sentencing commission, as the sentencing guidelines' author, to "insure that the guidelines reflect the inappropriate of imposing a sentence to a term of imprisonment for purpose of rehabiltation for the defendant," 28 U.S.C. § 994(K).

In contrast, a court imposition of a reduced sentence based on post-sentencing rehabilitation programing changes the very terms of imprisonment and recognizes that the defendant's conduct since his initial sentence warrants a less severe criminal punsihment. Once imposed a sentence may be modified only in

-5-

very limited circumstances (such as RDAP). 18 U.S.C.S. §3582(c)(2). Indeed, the difference between the two is reflected most obviously in the facts that BOP has no authority to award good time credit where the defendant's good behavior occurs after a sentence has already been served. See <u>Pepper v. United States</u>, 131 U.S. 1229; 179 L.Ed 2d 196.

### B. <u>Downward Departure</u>

Michael G. Smith, contends that he has completed several Adult Education Classes, (refer to exhibits A thru ___). Michael G Smith, contends that he has been infraction free from August, 2018 to July, 2019. Michael G Smith, contends that he has complied to the court's recommendations to attend drug programs and RDAP 500 Hours which the F.B.O.P. has failed to credit 12 months as per policy.

### CONCLUSION

THEFERORE, if this Court were to consider a Downward Departure on post-sentencing rehabiltation programing, then Michael G Smith would respectfully request that this court reduce sentence of Michael G Smith, to a total of 48 months or what the court deems appropriate.

WHEREFORE, base on the above and foregoing, the petitioner respectfully requests the relief herein sought.

Respectfully submitted,

MALINDA DOCKINS
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20024026290
COMMISSION EXPIRES MAR. 1, 2020

7/24/19

Michael G Smith
Michael Smith

## CERTIFICATE OF SERVICES

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to:

Clerk of Court
_____
_____
_____
_____

and respectfully request that the Clerk of Court electronically email to all interested parties in the aboved captioned matter.

on this _____ day of _____, 20____

                                        _____
                                        _____
                                        _____
                                        _____

Michael G. Smith #98746-051
PO: Box 6000
Florence Correctional Institution
Florence, Colorado,

U.S. District Court
333 Lomas Blvd. #270
Alburqurque, NM
87102

RECEIVED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
JUL 29 2019
MITCHELL R. ELFERS
CLERK