UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                 No. 17-CR-00575 MV

MICHAEL G. SMITH,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Michael G. Smith's pro se Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, which Mr. Smith initially filed on July 29, 2019 [Doc. 49] and then refiled on October 28, 2019 [Doc. 50]. The government did not respond. Having considered the motion, relevant law, and being otherwise fully informed, the Court finds that the motion is not well-taken and will be **DENIED**.

On February 28, 2017, Mr. Smith was charged in a four-count indictment with Possession with Intent to Distribute 50 Grams and More of a Mixture and Substance Containing Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c); and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g). *See* Doc. 14. On August 21, 2017, he pled guilty to Count 1, the methamphetamine possession count. *See* Doc. 28. On August 16, 2018, this Court sentenced him to 60 months of imprisonment in the Bureau of Prisons (BOP), the statutory minimum sentence on that count. *See* Doc. 48; *see also* 21 U.S.C. § 841(b)(1)(B)(viii). According to the BOP's online inmate locator, Mr. Smith is expected to be

released on May 21, 2021. *See* Federal Bureau of Prisons, *Find an Inmate*, (Apr. 14, 2020), *available at* https://www.bop.gov/inmateloc/.

Mr. Smith now moves the Court pro se for a reduction in his sentence. *See* Docs. 49, 50.[1] His motion first makes the overarching legal claim that courts have the discretion to reduce defendants' sentences on the basis of "post-conviction, post-sentencing rehabilitation efforts." Doc. 50 at 1. In support, Mr. Smith cites to cases including *Pepper v. United States*, 562 U.S. 476 (2011), federal statutes including 18 U.S.C. § 3582(c)(2), and United States Sentencing Guidelines Section 1B1.10. *See* Doc. 50 at 1–3. Mr. Smith also argues that post-sentencing rehabilitation evidence "may be highly relevant to several § 3553(a) factors that district courts are required to consider at sentencing," including the most up-to-date picture of the defendant's personal history and characteristics. *See* Doc. 50 at 2 (citing 18 U.S.C. § 3553(a)). Mr. Smith then requests that the Court reduce his sentence to a total of 48 months based on several "Adult Education Classes" that he has completed, as well as the fact that he has remained free of disciplinary infractions from August 20th, 2018 to October 17th, 2019. *See* Doc. 50 at 6. He additionally contends that the BOP has failed to credit him 12 months that he is owed for his participation in the 500-hour Residential Drug Abuse Program (RDAP). *Id.*

Contrary to the position advanced in Mr. Smith's motion, this Court does not have the authority to reduce his sentence on the basis of post-sentence rehabilitation alone. Congress has set forth four relatively limited circumstances in which a court may reduce a defendant's sentence: (1) where "extraordinary and compelling reasons" warrant a reduction, such as in the case of compassionate release due to serious medical illness, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i); (2)

---

[1] The two versions of Mr. Smith's motion appear to be identical with one exception: the second version extends the period through which Mr. Smith has been infraction free by three months, from July 2019 to October 2019. *Compare* Doc. 49 at 6 *with* Doc. 50 at 6. The Court will accordingly cite to the most recently filed version [Doc. 50] when referring to Mr. Smith's arguments.

2

where the defendant is at least 70 years of age, has served at least 30 years in prison, and has been determined to pose no danger to the community by the BOP, pursuant to § 3582(c)(1)(A)(ii); (3) where the defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the United States Sentencing Commission, pursuant to § 3582(c)(2); and (4) where such a reduction is otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, pursuant to § 3582(c)(1)(B).  *See United States v. Craig*, No. 12-CR-20141-18-KHV, 2019 WL 354976, at *2 (D. Kan. Jan. 29, 2019) (unreported). Because post-sentence rehabilitation is not listed as a ground for resentencing in any of these provisions, it is not a valid basis for relief.  *See id.*

Nor does the legal authority cited by Mr. Smith say otherwise.  In *Pepper*, the Supreme Court held that a court may take post-sentencing rehabilitation into consideration when resentencing a defendant *whose original sentence has been set aside on appeal*.  562 U.S. at 476. Evidence of post-sentencing rehabilitation is not itself a basis for resentencing under *Pepper*.  *See Craig*, 2019 WL 354976 at *2 n.1.  As noted above, § 3582(c)(2) is also unavailing here because that provision only provides relief to defendants whose guidelines ranges at sentencing were later subject to a favorable amendment by the Sentencing Commission.  Guidelines Section 1B1.10, which provides guidance to courts considering sentence reduction under § 3582(c)(2), is inapplicable for the same reason.  The Court also notes that resentencing Mr. Smith to the requested 48 months would likely constitute an illegal sentence in contravention of the five-year statutory minimum the Court was required to impose under 21 U.S.C. § 841(b)(1)(B)(viii).

Finally, Mr. Smith's brief reference to his denial of RDAP credit does not entitle him to the requested relief.  *See* Doc. 50 at 6.  Under 18 U.S.C. § 3621(e), the BOP "may" reduce by up to one year the period a prisoner "convicted of a non-violent offense" remains in custody after the

successful completion of the RDAP program. Due to the discretionary language of this provision, the Tenth Circuit has held that it does not create a constitutionally protected liberty interest. *See Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998). The BOP has also promulgated regulations governing which prisoners are eligible for early release under § 3621. *See* 28 C.F.R. § 550.55 (2016). For example, an inmate who successfully completes RDAP will nevertheless be ineligible for early release if he was convicted of a robbery offense within 10 years prior to being sentenced in the case for which he is in custody. *See id.* at § (b)(4)(iii). Because Mr. Smith was convicted of robbery in the Second Judicial District Court in Bernalillo County approximately six years prior to his sentencing in this case, he appears to be ineligible for early release on that ground. *See* Doc. 31 at ¶ 47.

However, the Court will not attempt to fully analyze Mr. Smith's complaint on this point because he has only represented that he has "complied [with] the court's recommendations to attend drug programs and RDAP." Doc. 50 at 6. He has not submitted evidence of his successful completion of the RDAP program or a BOP determination that he is ineligible for early release. To the extent that Mr. Smith *does* believe the BOP has invalidly denied him early release, he will need to raise such a concern in a habeas corpus petition filed under 28 U.S.C. § 2241 after he has exhausted his administrative remedies within the BOP. *See United States v. Ramirez*, No. 13-CR-10140-JWB, 2020 WL 263582, at *1 (D. Kan. Jan. 17, 2020) (unreported) (citations omitted) (noting that a habeas petition filed under § 2241 is the proper vehicle through which to raise a challenge to the BOP's computation of time credits because such a challenge involves the "implementation of [the] sentence, rather than the validity of the underlying conviction."). Even then, this Court's ability to review the BOP's decision will be limited to a determination of whether the Bureau exceeded its statutory authority under § 3621(e). *See Sledge v. Wilner*, No. 09-CV-

00221-PAB, 2010 WL 717852, at *2 (D. Colo. Feb. 24, 2010) (unreported) (citing *Fristoe*, 144 F.3d at 360–61; *Hunnicutt v. Hawk*, 229 F.3d 997, 1000 (10th Cir. 2000); and *Redmon v. Wiley*, No. 08-1288, 2009 WL 3262020, at *4 (10th Cir. Oct. 13, 2009) (unreported)).

## CONCLUSION

For the foregoing reasons, Mr. Smith's pro se Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 [Docs. 49, 50] is hereby **DENIED**.

Dated this 22nd day of April, 2020.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE